| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____    Chapter  **11** |
| ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy                                    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Maverick Production Company, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **74-1848136** |
| 4. | **Debtor's address** | **Principal place of business**<br>**5151 San Felipe, Suite 800**<br>**Houston, TX 77056**<br>Number, Street, City, State & ZIP Code<br><br>**Harris**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Maverick Production Company, Inc.**              Case number (*if known*)
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__2111__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____   When _____   Case number _____
District _____   When _____   Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor  **See Attached Chart**       Relationship _____
District _____   When _____   Case number, if known _____

Official Form 201                **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                page 2

Debtor   **Maverick Production Company, Inc.**                                    Case number (*if known*) _____
         Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)
  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard?  _____
  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other   _____

  **Where is the property?**   _____
                              Number, Street, City, State & ZIP Code

  **Is the property insured?**
  - ☐ No
  - ☐ Yes.   Insurance agency   _____
            Contact name        _____
            Phone               _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*
- ☐ Funds will be available for distribution to unsecured creditors.
- ■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**
- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Maverick Production Company, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **May 11, 2020**
                    MM / DD / YYYY

X **/s/ J. Russell Porter**                              **J. Russell Porter**
Signature of authorized representative of debtor          Printed name

Title   **President and Secretary**

**18. Signature of attorney**

X **/s/ Matthew Okin**                          Date  **May 11, 2020**
Signature of attorney for debtor                        MM / DD / YYYY

**Matthew Okin**
Printed name

**Okin Adams LLP**
Firm name

**1113 Vine St., Suite 240**
**Houston, TX 77002**
Number, Street, City, State & ZIP Code

Contact phone  **(713) 228-4100**     Email address  **info@okinadams.com**

**00784695 TX**
Bar number and State

**Form 201. Voluntary Petition**

**Pending Bankruptcy Cases Attachment**

| Company Name | Date Filed | District | Relationship |
|---|---|---|---|
| Freedom Oil & Gas, Inc. | 5/11/20 | SDTX | Parent |
| Freedom Oil & Gas USA, Inc. | 5/11/20 | SDTX | Subsidiary of Freedom Oil & Gas, Inc. |
| Freedom Eagle Ford, Inc. | 5/11/20 | SDTX | Subsidiary of Freedom Oil & Gas, Inc. |
| Freedom Production, Inc. | 5/11/20 | SDTX | Subsidiary of Freedom Oil & Gas, Inc. |
| Maverick Drilling Company, Inc. | 5/11/20 | SDTX | Subsidiary of Freedom Oil & Gas, Inc. |
| Maverick Production Company, Inc. | 5/11/20 | SDTX | Subsidiary of Freedom Production |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Maverick Production Company, Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **May 11, 2020**      X **/s/ J. Russell Porter**
                                   Signature of individual signing on behalf of debtor

                                   **J. Russell Porter**
                                   Printed name

                                   **President and Secretary**
                                   Position or relationship to debtor

Official Form 202                 **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

Debtor **Maverick Production Company, Inc.**
Name

Case number *(if known)*

Fill in this information to identify the case:
Debtor name   **Maverick Production Company, Inc.**
United States Bankruptcy Court for the:   **SOUTHERN DISTRICT OF TEXAS**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Schlumberger PO Box 732149 Dallas, TX 75373-2149 | billing@slb.com | | | | | $6,433,463.35 |
| Schlumberger PO Box 732149 Dallas, TX 75373-2149 | billing@slb.com | | Disputed | | | $1,949,556.69 |
| Markwest Energy Operating Co LLC PO Box 974108 Dallas, TX 75397-4108 | ALBA.MNOGAL@MARKWEST.COM | Gathering and Compression- March actual and April estimate | | | | $301,981.40 |
| Bracewell LLP 711 Louisiana St Houston, TX 77002 | | Secured lender prepetition fees | | | | $69,091.45 |
| Eagle PCO LLC 5808 FM 3455 Navasota, TX 77868 | ar@eaglepressurecontrol.com | | | | | $60,553.94 |
| ETC Texas Pipeline, Ltd. 800 East Sonterra Blvd., Suite 400 San Antonio, TX 78258 | Koby.Fenton@energytransfer.com | Gathering and Processing- estimate for April | | | | $49,479.13 |
| Howard Marketing, LLC 16211 La Cantera Parkway, Suite 202 San Antonio, TX 78256 | TPeacock@howardep.com | Gathering and Electricity- estimate for April | | | | $39,289.51 |

Debtor **Maverick Production Company, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Weeks Environmental LLC<br>PO Box 1169<br>Premont, TX 78375 | weeksoffice@yahoo.com | | | | | $24,340.00 |
| Flowchem Technologies LLC<br>11200 Westheimer Road<br>Houston, TX 77042 | ar@flowchem.net | | | | | $18,909.21 |
| Deepwell Energy Services, LLC<br>PO Box 1000, Dept #0944<br>Memphis, TN 38148-0944 | sprine@dwservices.com | | | | | $17,762.39 |
| Shell Trading (US) Company<br>1000 Main Street, Level 12<br>Houston, TX 77002 | Mark.Sleeper@shell.com | Severance taxes paid- estimate for April | | | | $15,624.99 |
| Louisiana Crane & Construction<br>1045 Hwy 190 West<br>Eunice, LA 70535 | alejeune@louisiana-crane.com | | | | | $15,250.00 |
| Impact Lift LLC<br>332 W. Main St #10<br>Vernal, UT 87078 | | | | | | $8,680.00 |
| Thompson Oilfield Supply LLC<br>PO Box 4411<br>Victoria, TX 77903 | tdepine@thompsonoilfieldsupply.com | | | | | $7,190.68 |
| Pro Field Services Inc<br>PO Box 525<br>Hallettsville, TX 77964 | evelyn.jansky@profieldservices.com | | | | | $6,750.00 |
| Chat Chatterton (AKA Lynne A Chatterton)<br>1084 Moffett Circle<br>Palo Alto, CA 94303 | | | | | | $4,800.00 |
| Weeks Environmental LLC<br>PO Box 1169<br>Premont, TX 78375 | weeksoffice@yahoo.com | | | | | $3,977.00 |
| Transparent Energy Services<br>2051 Greenhouse Road, Suite 325<br>Houston, TX 77084 | Tbenbow@transparent-energy.com | | | | | $3,000.00 |

Debtor **Maverick Production Company, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Frio Energy Services LLC** 6711 Stella Link Rd Houston, TX 77005 | jawad@frioenergyservices.com | | | | | $2,989.00 |
| **WadeCo Specialties Inc** PO Box 60634 Midland, TX 79711 | ashleycantu@wadecospecialties.com | | | | | $2,911.52 |
| **Allocation Specialists, LLC** 12810 Willow Centre Dr., Suite A Houston, TX 77066 | lcalland@aslgb.com | | | | | $2,645.62 |
| **SES Holdings, LLC** PO Box 203997 Dallas, TX 75320 | sesreceivables@selectenergyservices.com | | | | | $2,324.13 |
| **Precision Structures Inc** 5055 Burke Rd Pasadena, TX 77504 | precisionstructuresinc@gmail.com | | | | | $941.41 |
| **Quorum Business Solutions Inc** PO Box 734963 Dallas, TX 75373 | remittance_notification@qbsol.com | | | | | $839.48 |
| **Atchafalaya Measurement, Inc** 124 Credit Drive Scott, LA 70583 | Meloney@ami.email | | | | | $770.00 |
| **Direct Energy Business** PO Box 660749 Dallas, TX 75266 | PittsburghRemittanceTeam@directenergy.com | | | | | $500.00 |
| **Cesar Villalobos** 3535 SE Hill Dr Portland, OR 97267 | | | | | | $200.00 |
| **FedEx** PO BOX 660481 Dallas, TX 75266 | BillingOnline@fedex.com | | | | | $81.80 |
| **Jet Specialty Inc** 17PO Box 97343 South Hwy 83 Carrizo Springs, TX 78834 | accountspayable@jetspecialty.com | | | | | $27.46 |
| **None** | | | | | | |

# United States Bankruptcy Court
## Southern District of Texas

In re: **Maverick Production Company, Inc.**
Debtor(s)

Case No.
Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Maverick Production Company, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Freedom Production, Inc.**
**5151 San Felipe St., Suite 800**
**Houston, TX 77056**

☐ None [*Check if applicable*]

**May 11, 2020**
Date

**/s/ Matthew Okin**
**Matthew Okin**
Signature of Attorney or Litigant
Counsel for **Maverick Production Company, Inc.**
**Okin Adams LLP**
**1113 Vine St., Suite 240**
**Houston, TX 77002**
**(713) 228-4100 Fax:(888) 865-2118**
**info@okinadams.com**

## FREEDOM OIL & GAS, INC.

### UNANIMOUS RESOLUTION OF THE
### BOARD OF DIRECTORS OF FREEDOM OIL & GAS, INC.

The undersigned, being the members of the Board of Directors (the "Board") of Freedom Oil & Gas, Inc., a Texas corporation (the "Company"), do hereby consent to the adoption of, and hereby ratify, the resolutions attached hereto as Exhibit A, which resolutions shall be deemed to be adopted as of the date hereof and to have the same force and effect as if such resolutions were adopted by the Board at a duly convened meeting held for such purpose.

IN WITNESS WHEREOF, the undersigned has executed this consent as of the 30th day of April, 2020.

FREEDOM OIL & GAS, INC.

By: _____
Name: J. Russell Porter
Title: Director

By: _____
Name: Stephen W. Mullican
Title: Director

1

**EXHIBIT A**

## APPROVAL OF FILING OF CHAPTER 11 BANKRUPTCY PROCEEDINGS

**WHEREAS**, the Board of Freedom Oil & Gas, Inc., a Texas corporation, have reviewed the materials presented by the management of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management of the Company and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Board of the Company has deemed it advisable and in the best interests of the Company, and its creditors, shareholders, and other interested parties, to sell substantially all of the assets of the Company (a "Sale"), and, as necessary, that the Company and any of its subsidiaries file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in order to effectuate a sale of substantially all of the assets of the Company, including the assets of the following subsidiaries of the Company: (i) Freedom Oil & Gas USA, Inc.; (ii) Freedom Eagle Ford, Inc.; (iii) Freedom Production, Inc.; (iv) Maverick Drilling Company; and (v) Maverick Production Company, Inc. (collectively, the "Subsidiaries"); and

**WHEREAS**, Article III of the Bylaws of the Company dated as of November 12, 2007, authorizes the Board, by unanimous written consent, to take any action required or permitted by law, the Certificate of Formation, or the Bylaws, including with respect to authorizing any bankruptcy or sale of Company assets other than in the ordinary course of business.

**NOW, THEREFORE, BE IT:**

*Chapter 11 Filings*

**RESOLVED**, that the Board determines that it is desirable and in the best interests of the Company, its equity holders, its creditors as a whole, and other parties in interest, that the Company and its Subsidiaries file voluntary petitions for relief (the "Petitions") and commence cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and further

**RESOLVED**, that the Board, hereby authorizes, directs, empowers and appoints J. Russell Porter (the "Authorized Representative"), as the Company's representative, acting in the name and on behalf of the Company and its Subsidiaries, to (i) execute and verify the Petitions as well as all other ancillary documents, and to cause the Petitions to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petitions or ancillary documents, (ii) execute, verify, and file or cause to be filed all of the petitions, schedules, lists, motions, applications, and other papers or documents advisable, appropriate, convenient, desirable or necessary in connection with the foregoing, and (iii) to conduct the Sale and execute all documents or papers necessary or desirable to effectuate the proposed transaction; and further

*Retention of Professionals*

**RESOLVED**, that the Board, hereby authorizes and directs the Authorized Representative, in the name and on behalf of the Company and its Subsidiaries, to employ any individual and/or firm as counsel, professionals, consultants or financial advisors to the Company or its Subsidiaries as he may deem advisable, appropriate, convenient, desirable or necessary to represent and assist the Company or its Subsidiaries in carrying out its duties under the Bankruptcy Code and any other applicable law; and further

**RESOLVED**, that the Board, hereby authorizes the retention of the law firm of Okin Adams LLP ("Okin Adams") to represent the Company and its Subsidiaries as general bankruptcy counsel and to represent and assist the Company and its Subsidiaries in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its Subsidiaries' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Representative is, authorized and directed, in the name and on behalf of the Company and its Subsidiaries, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petitions and to cause to be filed an appropriate application for authority to retain the services of Okin Adams; and further

**RESOLVED**, that the Board, hereby authorizes the retention of Johnson Rice & Company ("JRC") to represent the Company and its Subsidiaries and provide certain brokerage and investment banking services to the Company and its Subsidiaries with regard to the Chapter 11 Cases and the Sale; and in connection therewith, the Authorized Representative is authorized and directed, in the name and on behalf of the Company and its Subsidiaries, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of JRC; and further

*Ratification of Prior Acts*

**RESOLVED**, that all actions by the Authorized Representative and other officers, directors, managers or Board members of the Company and its Subsidiaries heretofore taken in connection with the subject of the foregoing resolutions be, and they hereby are, approved, ratified and confirmed in all respects as the acts and deeds of the Company and its Subsidiaries; and further

**RESOLVED**, that all prior lawful acts taken or caused to be taken by or on behalf of the Company and its Subsidiaries by any of its officers, directors, managers, Board members and authorized agents, including, but not limited to, any and all acts taken or caused to be taken in connection with the foregoing resolutions, which were done in reliance on the Board's expressed desire to reorganize the Company's debts, effectuate a Sale of the Company's assets, and the negotiation and preparation of documents and actions ancillary thereto are hereby ratified, approved and confirmed in all respects and adopted as the acts of the Company; and further

**RESOLVED**, that the Authorized Representative and any of the appropriate officers, directors, managers and Board members of the Company and its Subsidiaries be, and each of

them hereby is, authorized (i) to prepare, execute, deliver and perform, as the case may be, such agreements, amendments, applications, approvals, certificates, communications, consents, demands, directions, documents, further assurances, instruments, notices, orders, requests, resolutions, supplements or undertakings, (ii) to pay or cause to be paid on behalf of the Company and its Subsidiaries any related costs and expenses and (iii) to take such other actions, in the name and on behalf of the Company and its Subsidiaries, as each such officer, director, manager or Board member, as applicable, in his, her or its discretion, shall deem necessary or advisable to complete and effect the foregoing transactions or to carry out the intent and purposes of the foregoing resolutions and the transactions contemplated thereby, the preparation, execution, delivery and performance of any such agreements, amendments, applications, approvals, certificates, communications, consents, demands, directions, documents, further assurances, instruments, notices, orders, requests, resolutions, supplements or undertakings, the payment of any such costs or expenses and the performance of any such other acts to be conclusive evidence of the approval of the Board thereof and all matters relating thereto; and further

**RESOLVED**, that all actions heretofore taken by the Authorized Representative, officers, directors, managers and Board members of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions are hereby approved, adopted, ratified and confirmed.

*   *   *